Scott **WILLIAMS**, Plaintiff–Appellant,

v.

Paul H. **O'NEILL**,* Secretary of the United States Treasury; Robert C. Bonner,** Commissioner of the United States Customs Service, Defendants–Appellees.

No. 00–15839.

D.C. No. CV–99–00128–ACM.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.***

Decided Nov. 26, 2001.

---

* Paul H. O'Neill is substituted for his predecessor, Robert E. Rubin, as Secretary of the United States Treasury.

** Robert C. Bonner is substituted for his predecessor, Raymond W. Kelly, as Commissioner of the United States Customs Service.

*** The panel unanimously finds this case suitable for decision without oral argument.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM ****

Plaintiff Scott Williams appeals the district court's dismissal with prejudice of his complaint alleging violations of the Rehabilitation Act. We affirm in part, reverse in part, and remand for further proceedings.

I.  *Whether the district court abused its discretion by striking allegations in the Amended Complaint.*

The district court did not abuse its discretion by striking several paragraphs in the Amended Complaint. Plaintiff conceded that he was not permitted to bring the claims supported by the stricken allegations.

II.  *Whether the district court correctly concluded that the Amended Complaint fails to state a claim upon which relief can be granted.*

A.  *Discrimination Claim*

To state a claim for employment discrimination under the Americans with Disabilities Act of 1990 and, therefore, under section 501 of the Rehabilitation Act, Plaintiff must allege that he "(1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 201, —— L.Ed.2d —— (2001).

The district court held that the complaint does not allege that Defendants' alleged misconduct was *related to* Plaintiff's disability. We agree, with one exception.

Fed. R.App. P. 34(a)(2).

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ Construed in favor of Plaintiff, the complaint alleges that Plaintiff is disabled (he has cerebral palsy); that he applied for a promotion in 1999; that he was rated "best qualified" for that promotion; that, despite his qualifications, he was not selected for the promotion; and that the decision-maker knew of Plaintiff's disability. Those allegations state an employment-discrimination claim under section 501, because they support an inference that Plaintiff was denied the promotion because of his disability. Therefore, as to those allegations, the district court erred in granting the motion to dismiss.

### B. *Retaliation Claim*

The elements of a prima facie case of retaliation are (1) the plaintiff was engaged in an activity protected by the Rehabilitation Act, (2) the employer subjected the plaintiff to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's decision. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1121 (9th Cir.2000) (en banc), *cert. granted in part*, —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001); *see* 29 U.S.C. § 791(g).

Title 42 U.S.C. § 12203(a), which applies to the Rehabilitation Act by the terms of 29 U.S.C. § 791(g), provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." Thus, an individual who opposes discrimination because of a disability by filing a complaint with the agency responsible for investigating such complaints engages in activity protected by the Rehabilitation Act.

■ As was the case with Plaintiff's allegations of discrimination, Plaintiff's allegations of retaliation are wholly conclusory and fail to link Defendants' alleged misconduct with Plaintiff's acts of filing EEO complaints. (For example, Plaintiff does not allege that the decision-maker who denied him a promotion in 1999 knew about his EEO complaints.) Furthermore, the allegations that suffice to state a discrimination claim do not suffice to state a retaliation claim.

In short, the Amended Complaint does not state a claim for retaliation under the Rehabilitation Act.

### III. *Whether the district court abused its discretion in denying leave to amend.*

When the district court dismissed Plaintiff's complaint the first time, it clearly identified Plaintiff's viable claims and described in detail the types of allegations that Plaintiff would need to make to survive a motion to dismiss on those claims.

Plaintiff amended his complaint to include many facts that related solely to those claims already dismissed by the court, and he failed to allege facts supporting his conclusory allegations that Defendants were discriminating and retaliating against him, despite the court's directive to do so. In those circumstances, the district court did not abuse its discretion in denying leave to amend the complaint further.

### CONCLUSION

We REVERSE the district court's decision to the extent that it holds that the allegations in paragraphs 110 through 117 of the Amended Complaint do not state a discrimination claim based on Defendants' failure to promote Plaintiff in 1999. We AFFIRM the district court's decision in all

other respects. Each party is to bear his own costs on appeal.